IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

(1) FLOYD BROWN, )
  )
    Plaintiff, ) CJ-2015-03329
  ) CASE NO.:
vs. ) JEFFERSON D. SELLERS
  )
(2) JV INDUSTRIAL COMPANIES, ) ATTORNEY LIEN CLAIMED
a foreign limited partnership, also d/b/a )
HOLLY REFINERY, )
(3) ZACHRY INDUSTRIAL, INC. a )
foreign for profit business corporation. )
    Defendants. )

**DISTRICT COURT FILED SEP 10 2015 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY**

### PETITION

COMES NOW the Plaintiff, Floyd Brown, by and through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendants, JV Industrial Companies and Zachry Industrial, Inc. for violations of his constitutionally protected rights arising out of his employment and termination by said Defendants.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant JV Industrial Companies, is a foreign limited partnership regularly conducting business in Tulsa County, State of Oklahoma and employing more than fifteen (15) people.

3. Defendant Zachry Industrial, Inc. is a foreign for profit business corporation regularly conducting business in Tulsa County, State of Oklahoma and employing more than fifteen (15) people.

EXHIBIT 1

4. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age and retaliation. A Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

6. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

7. Plaintiff brings this action for damages under the ADEA, providing for relief against discrimination in employment on the basis of age as well as retaliation.

8. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff incorporates as if realleged the preceding paragraphs.

11. Plaintiff was hired by Defendant to work as a pipefitter in December 2007. His supervisors were Charles Hollingsworth and Terry Elders. He received positive performance reviews throughout his employment with Defendants. The Plaintiff is currently sixty-two (62) years old.

12. Beginning on May 12, 2014, the Plaintiff's foreman, Wes Hibbs, came to the Plaintiff's job-site and began harassing him with age related comments, calling him old man and nit-picking his work. The Plaintiff went to Charles Hollingsworth, who was Wes

Hibbs' supervisor, and complained about Mr. Hibbs' behavior and stated that it was causing him great stress. Mr. Hollingsworth advised the Plaintiff that he would take care of it.

13. However, Mr. Hollingsworth failed to remedy the situation as on May 30, 2014, Mr. Hibbs returned to the jobsite where the Plaintiff worked and berated him for no apparent reason. The Plaintiff called Mr. Hollingsworth again and asked if he could come into the office and speak with him. The Plaintiff expressed his frustration that the situation had not been handled and that Mr. Hibbs was continuing to harass him. After complaining, Mr. Hollingsworth became upset and he and the Superintendent, Terry Elders, issued a disciplinary action suspending the Plaintiff for five (5) days as a direct response to Plaintiff's complaint.

14. Mr. Elders informed the Plaintiff that he knew the suspension was unwarranted but to just take the days to "cool off" to avoid having a heart attack.

15. Prior to these events, Mr. Elders was hiring many of his friends and family members to work as pipefitters in order to receive higher pay yet these individuals had very little experience, were not qualified, and were all under the age of forty (40). The Plaintiff was required to train these individuals.

16. During his wrongful suspension around the first of June 2014, the Plaintiff, through his wife, called Human Resources to make a formal complaint about Mr. Hollingsworth, the harassment he was experiencing, and the suspension that followed his complaints. After the Plaintiff returned to work a week later, it was clear Mr. Hollingsworth knew the Plaintiff complained about him, indicated he was upset with the

Plaintiff for complaining to corporate, and moved the Plaintiff to work under a new foreman.

17. The Plaintiff requested to be moved to a different location within the company, where he had been offered a position. In order to do so, the Company has to complete a reduction of force (ROF) and then the Plaintiff is permitted to move to the other refinery after a 90-day period. Mr. Hollingsworth and Mr. Elders refused to give the Plaintiff the ROF until after the job the Plaintiff was offered had already been filled. At that point, there was nowhere for the Plaintiff to transfer and so he turned down the ROF.

18. On August 19, 2014, Mr. Hollingsworth and Mr. Elders informed the Plaintiff that he was going to be laid off, despite the fact that he was not on the original lay off list. In making this decision, Mr. Elders advised the Plaintiff that he was chosen to be laid off since he was close to retirement and no longer had children living with him that needed support. Meanwhile, Mr. Elders did not lay off the Plaintiff's substantially younger coworkers, who had not been with the company for nearly as long and who were much less experienced than the Plaintiff. Additionally, there were some younger employees who were laid off but were then called back and rehired. The Plaintiff was not given this opportunity.

19. The Plaintiff then made a complaint to Defendant Zachry and spoke to Carlos Bettis in the dispute resolution department. He was told he would be called back and never received a response from Mr. Bettis.

20. The Plaintiff also believes his termination was in retaliation for complaints about age discrimination, his treatment from Mr. Hibbs, Mr. Hollingsworth and Mr. Terry.

Shortly before his termination, the Plaintiff complained to Human Resources. He was then terminated from his employment shortly thereafter, on August 19, 2014.

21. Plaintiff believes that he was treated differently and terminated based upon his age and retaliated against for complaining about age discrimination.

### FIRST CLAIM FOR RELIEF:
### Disparate Treatment on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (the "ADEA")

22. The preceding paragraphs are incorporated herein by reference.

23. The foregoing conduct violates the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq*.

24. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to job assignments, discipline, and termination in violation of the ADEA.

25. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

26. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

27. Upon information and belief, Plaintiff's suspension and termination was motivated in substantial part by his age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Injunctive Relief
    f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM OR RELIEF
## RETALIATION IN VIOLATION OF THE ADEA

23. Plaintiff incorporates the preceding paragraphs as if realleged.

24. By terminating Plaintiff's employment for engaging in the protected activity of complaining about age discrimination, the Defendant has violated the ADEA, 29 U.S.C. § 623(d).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates the preceding paragraphs as if realleged.

26. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

27. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN PLLC

Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

SEP 21 2015

By _____ Deputy

7